UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 19-20492

v.

                                        HON MARK A. GOLDSMITH

TRISTAN MURPHY,

        Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO RESCIND HIS WAIVER OF THE RIGHT TO A SPEEDY TRIAL AND TO EXPEDITE TRIAL (Dkt. 133)

This matter is before the Court on Defendant Tristan Murphy's motion to rescind his waiver of the right to a speedy trial and to expedite trial (Dkt. 133). For the reasons stated below, the Court denies Murphy's motion.

### I. BACKGROUND

Murphy, along with six co-Defendants, is charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), as a result of his alleged participation in a series of "smash and grab" robberies at jewelry stores across the United States. Second Superseding Indictment (Dkt. 76).

During a pretrial status conference held on October 30, 2019, the parties discussed proceeding to trial on August 24, 2020. 10/30/19 Conf. Tr. at 8 (Dkt. 138). Upon being questioned by his counsel during the conference, Murphy stated on the record that he understood that under the Speedy Trial Act he had a right to proceed to trial by February 14, 2020, that he voluntarily waived that right, and that he agreed to a trial beginning on August 24, 2020. Id. at 19-20. On

December 20, 2019, Murphy further stipulated to an order finding that the ends of justice were served by a finding of excludable delay under 18 U.S.C. § 3161(h)(7)(A) for the period from December 2, 2019, through August 24, 2020, as the Defendants required "additional time for investigation, discovery, and motion practice." 1/2/20 Stipulation & Order at 2 (Dkt. 129).[1] The Court entered this order on January 2, 2020. Also on January 2, 2020, Murphy filed the present motion to rescind his waiver of the right to a speedy trial (Dkt. 133).

## II. ANALYSIS

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312 F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-777.

The Speedy Trial Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by district courts. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, a court must state on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an

---

[1] All Defendants stipulated to this order with the exception of Defendant Delano Ross. See 1/2/20 Stipulation & Order at 3-4. Ross later stipulated to a finding of excludable delay on January 29, 2020. 1/29/20 Stipulation & Order (Dkt. 141).

"ends-of-justice" continuance, a district court should weigh factors such as (i) whether a miscarriage of justice could result, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

In his motion, Murphy seeks to rescind his waiver of the right to a speedy trial and to expedite trial based on his claim that he "did not understand what he was agreeing to." Def. Mot. at 5. However, a criminal defendant's waiver of his rights under the Speedy Trial Act has no bearing on whether a continuance may be granted. In fact, the "provisions of the Speedy Trial Act cannot be waived by a defendant acting unilaterally because it would compromise the public interest in speedy justice." United States v. Saltzman, 984 F.2d 1087, 1091 (10th Cir. 1993) (citing cases). Instead, courts must evaluate the necessary "ends of justice" considerations under 18 U.S.C. § 3161 before granting a continuance. Id. Indeed, the Court's orders granting continuances through August 24, 2020, were premised on the "ends of justice" analysis and not on the Defendants' waivers of their speedy trial rights. See 1/2/20 Stipulation & Order; 1/29/20 Stipulation & Order.

Even construing Murphy's motion as a withdrawal of his stipulation to the order granting a continuance, his dissent does not overcome the Court's finding of excludable delay from December 2, 2019, through August 24, 2020. Each of Murphy's co-Defendants agreed—and Murphy initially agreed—that they require additional time for investigation, discovery, and motion practice. See 1/2/20 Stipulation & Order at 2; 1/29/20 Stipulation & Order at 2. The reason for this agreement is clear: the Government alleges that the seven co-Defendants participated in over thirty robberies at jewelry stores across the United States. Compl. ¶ 5 (Dkt. 1). Given the sprawling nature of the alleged offenses, the evidence at issue is likely to be voluminous and complex. Therefore, in light of the complexity of the case, the number of Defendants, and the

3

recent appointment of new counsel for Defendants Delano Ross and Devon Manquil Newby, see Orders of Appointment (Dkts. 131, 148), the ends of justice require a continuance through August 24, 2020, to afford defense counsel adequate time to prepare.

As stated above, in the absence of severance, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Cope, 312 F.3d at 776-777. Although Murphy requests that a trial be scheduled as soon as possible, "even if that means a severance from the trial of his co-defendants," he has neither filed a motion setting forth a basis for severance nor argued that he meets the stringent requirements for severance under Federal Rule of Criminal Procedure 14. See Def. Mot. at 2. Therefore, Murphy is bound by the Court's finding of excludable delay that applies to his co-Defendants.

### III. CONCLUSION

Because a finding of excludable delay is premised on the ends of justice analysis under 18 U.S.C. § 3161(h)(7)(A) and not on a defendant's waiver of his speedy trial rights, and because the ends of justice favor a continuance in the present action, Murphy's motion to rescind his waiver and to expedite trial is denied (Dkt. 133).

SO ORDERED.

Dated: April 3, 2020  s/Mark A. Goldsmith
   Detroit, Michigan  MARK A. GOLDSMITH
    United States District Judge