UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TRISTAN MURPHY,

        Defendant.

                                /

Case No. 19-20492

HON. MARK A. GOLDSMITH

**OPINION & ORDER
GRANTING THE GOVERNMENT'S MOTION TO CONTINUE AND TO FIND
EXCLUDABLE DELAY (Dkt. 207)**

This matter is before the Court on the Government's motion to continue and to find excludable delay from December 7, 2020, to a new trial date of June 7, 2021 (Dkt. 207). On December 4, 2020, Defendants Darrell Reed, Kai Rivers, Devon Newby, Delano Ross, and Jamal Ritter filed a stipulation waiving their rights under the Speedy Trial Act and agreeing to excludable delay through a new trial date of June 7, 2021. See 12/4/20 Stipulation & Order (Dkt. 206). The Court entered an order finding a period of excludable delay through that new trial date. Id. Defendant Tristan Murphy alone refused to waive his rights under the Speedy Trial Act, prompting the Government to file the instant motion. Murphy has not filed a response. For the reasons that follow, the Court grants the Government's motion.

**I. DISCUSSION**

The Speedy Trial Act mandates that a defendant be brought to trial within seventy days of filing or public notice of "the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In cases where "multiple defendants are charged together and no severance has been granted, one speedy trial clock governs." United States v. Cope, 312

F.3d 757, 776 (6th Cir. 2002). Thus, "the excludable delay of one defendant is ascribed to that of all of his co-defendants." Id. at 776-77.

On September 25, 2019, Murphy was charged with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). 2d Superseding Indictment (Dkt. 76). On September 27, 2019, the Court entered a stipulated order finding excludable the period from September 15, 2019, through a trial date of December 2, 2019 (Dkt. 79). On January 2, 2020, the Court entered a second stipulated order finding excludable the period through a new trial date of August 24, 2020 (Dkt. 129).[1] Most recently, on August 6, 2020, the Court entered a third stipulated order finding excludable the period through a new trial date of December 7, 2020 (Dkt. 189). Thus, December 7, 2020, is the operative date that currently governs the proceedings with respect to Murphy. As indicated above, Murphy's codefendants stipulated on December 4, 2020, to a finding of excludable delay through a new trial date of June 7, 2021.

The Speedy Trial Act, however, contains numerous provisions preventing the seventy-day period from running, including delay due to continuances granted by district courts. Such delays are excluded from the seventy-day period if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). For the time of the delay to be excludable, a court must set forth on the record "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." Id. When granting such an "ends of justice" continuance, a district court should weigh factors such as (i) whether failure to grant a continuance would render continuation of the proceedings

---

[1] On January 2, 2020, Murphy filed a motion seeking to rescind his Speedy Trial waiver made in connection with this stipulation (Dkt. 133). The Court denied this motion (Dkt. 157).

impossible, or result in a miscarriage of justice, (ii) the complexity of the case and time needed for preparation, and (iii) the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B).

The Government argues that these factors weigh in favor of granting a continuance. First, it contends that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(i), as continuation of the case would be impossible in light of the exigent circumstances presented by the COVID-19 pandemic. The Court agrees. On November 15, 2020, the Michigan Department of Health and Human Services issued an emergency order enacting a "three-week pause" limiting indoor gatherings.[2] This order was extended in part through December 20, 2020, and again through January 15, 2021.[3] Further, the Court remains closed to the public and has indefinitely postponed in-court proceedings, including trials, given the impairment of counsel to prepare for trial, the "reduced ability to obtain an adequate spectrum of jurors," and recommendations from public health organizations to limit the presence of counsel and court personnel in the courtroom. Administrative Order 20-AO-039; see also Administrative Order 20-AO-038 (revised) ("Jury trials will commence on a date yet to be determined, and then only for critical criminal trials."). Moreover, the Court has issued a blanket determination of excludable delay for Speedy Trial purposes. Administrative Order 20-AO-039. It is uncertain when the Court will reopen to personnel or the public, let alone when jury trials will resume.

In light of the grave public health concerns at stake, it is unlikely that an in-person jury trial can safely and realistically occur in the courtroom until, at the earliest, June 2021. Although new cases of the virus have plateaued in Michigan, COVID-19-related deaths and hospitalizations remain alarmingly high both in Michigan and throughout the nation.[4] While

---

[2] See https://perma.cc/E4JT-5XU7; https://perma.cc/B9JM-3HBP.

[3] See https://perma.cc/FW5W-HTT8; https://perma.cc/8TTD-HSKP.

[4] See https://perma.cc/VGL3-U7GG; https://perma.cc/NR4M-Q8HH.

3

vaccines are now available, their rollout has been plagued with delays and it remains uncertain when they will become widely available.[5] Based on these circumstances and the uncertainties surrounding COVID-19, the Court concludes that it is unable to hold a jury trial in a manner that promotes public safety until, at the earliest, June 2021. Accordingly, the ends of justice are served by excluding the time between December 7, 2021, and June 7, 2021.

Second, the Government maintains that a continuance is necessary under 18 U.S.C. § 3161(h)(7)(B)(ii), as counsel cannot adequately prepare for trial within the present timeframe. As the Government points out, Defendants are accused of engaging in a conspiracy to rob jewelry stores across the nation. Thus, because this trial involves numerous out-of-state witnesses, pandemic-related restrictions on movement, meetings, and travel preclude counsel from effectively reviewing discovery materials and preparing for trial. In addition, defense counsel are currently unable to meet with detained clients, as many jails have suspended attorney visitation. Indeed, counsel for five Defendants have stipulated that they are unable to effectively prepare for trial by accessing and reviewing necessary discovery, meeting with their clients, and interviewing witnesses—all activities that have been curtailed under restrictions, policies, and recommendations designed to mitigate the spread of COVID-19. Therefore, the Court agrees that a miscarriage of justice is likely should Defendants proceed to trial, as counsel would not be afforded adequate time to prepare.

## II. CONCLUSION

For the foregoing reasons, the Court grants the Government's motion to continue and to find excludable delay from December 7, 2020, to a new trial date of June 7, 2021 (Dkt. 207).

---

[5] See https://perma.cc/EEE2-C6SW.

Accordingly, pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between December 7, 2020, and June 7, 2021, is excluded as to Defendant Murphy.

Accordingly, the Court sets the following dates:

A. January 21, 2021, for motion cutoff;

B. February 5, 2021, for the Government to respond;

C. February 19, 2021, for Murphy to file replies;

D. April 21, 2021 at 2:00 p.m., for a final plea cut-off hearing;

E. May 19, 2021 at 2:00 p.m., for the final pretrial conference; and

F. June 7, 2021 at 8:30 a.m., trial will begin.

SO ORDERED.

Dated:  January 12, 2021  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge